

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. A. Neal
County Auditor
Ellis County
Waxahachie, Texas

Dear Sir:

Opinion No. O-1615
Re: Allowance of cars and mileage
to Sheriff

We are in receipt of your opinion request bearing date of October 23, 1939, wherein you propound the following questions:

"At the present time in this county, the sheriff's department is using three cars purchased by the county.

"The commissioners court are of the opinion that the department has only use for two cars, and the sheriff is insisting that the court either spend considerable repairs on one car, or exchange for another.

"Should the court refuse to repair, or exchange for another, and the sheriff should buy one and charge the county with four cents per mile for the use of it, what are the rights of each in the matter? Would the county be liable to him for this?"

We are informed by the Comptroller's Office that the Sheriff of Ellis County is compensated on an annual salary basis.

Section b of Article 3899, Vernon's Annotated Civil Statutes, as amended, reads in part as follows:

"The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of official business, which, if purchased by the county shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General fund of the county and they shall be reported and paid in the same manner as herein provided for other expenses.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Where the automobile or automobiles are owned by the Sheriff or his Deputies, they shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners' Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose."

In the light of that portion of Section b of Article 3899 of Vernon's Annotated Civil Statutes, which provides:

". . . The Commissioners' Court of the County of the Sheriff's residence may upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of official business. . . ."

It is the opinion of this Department and you may be so advised that the statute vests with the Commissioners' Court the right and duty, in acting upon the written and sworn application of the Sheriff, to exercise its administrative discretion as to the necessity for such expenditure and such body may or may not allow, in pursuance of its delegated duties, one or more automobiles to be used by the Sheriff in the discharge of his official duties. It accordingly follows, that in the event that the Commissioners' Court, in the exercise of its discretion, found that there was a necessity for the use of only two automobiles by the Sheriff's Department of Ellis County that said Commissioners' Court would not be, as a matter of law, obligated to allow or approve additional expenditures for the use of other and additional automobiles by the Sheriff of said County in the discharge of his official duties.

Trusting that this will satisfactorily answer your question, we remain

Yours very truly

APPROVED DEC 4, 1939
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committe

EC:AMM

By

By  BWB
chairman

Edgar Cale
Assistant